**Craig L. HOHMANN, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

**No. 19796.**

Supreme Court of Utah.

Aug. 8, 1984.

Craig L. Hohmann, pro se.

K. Allan Zabel, Salt Lake City, for defendant.

PER CURIAM:

The claimant (plaintiff) seeks reversal of an order of the Industrial Commission denying him unemployment compensation. The sole contention for reversal is insufficiency of the evidence.

The alleged lack of evidence is asserted by reference to excerpts from the record, lifted out of context. Claimant refers only to evidence favorable to his claim, without mention of countervailing evidence refuting it. Such other evidence supports a finding of insubordination based upon claimant's vulgarity, profanity and refusal to accept supervisory authority in making his work assignment.

The claimant was originally employed as a machine operator. He was terminated on October 6, 1983, after refusing to obey his supervisor's instructions. Prior thereto, in September, he had received a warning for violating the company's rule against use of drugs on the job. At that time, he was transferred to handling material from operating a machine. The night before he was terminated claimant objected to his work assignment, but no point was made of it. The next night, when given a work assignment, claimant refused to perform, became angry and began "hollering and cussing" his supervisor. He was told to punch out and go home. When he refused to do so, the supervisor took the claimant to the office where the plant foreman told him that if he did not want to follow the supervisor's instructions "he could punch out, pick up his check, and go home." Claimant returned to the floor with his supervisor where, in the presence of others, he became angry, vulgar and profane. The supervisor testified that "he was totally out of control at that time," causing "a good-sized commotion." The supervisor led him back to the office and told the plant foreman, "I can't work with this man."

U.C.A., 1953, § 35-4-5(b)(1) makes one ineligible for benefits where he is "discharged for just cause or for an act or omission in connection with employment, not constituting a crime, which is deliberate, willful or wanton and adverse to the employer's rightful interest. ..." The employee's conduct here certainly qualifies for

this standard. Such a conclusion is supported under the General Rules of Adjudication adopted by the Commission under authority of the Act to provide guidelines for its enforcement, which we find to be a reasonable and rational interpretation of the statute as it applies to this case. *See, e.g.*, Annot., 92 A.L.R.3d 103; Annot., 26 A.L.R.3d 1333. Rule A71–07–2: Misconduct § 255, Insubordination provides, in pertinent part, as follows:

> An employer has the right to expect that lines of authority will be maintained; that reasonable orders, given in a civil manner, will be obeyed; that supervisors will be respected and that their authority will not be undermined.

> In determining when insubordination (resistence to authority) becomes disqualifying conduct the factor of disregard of the employer's interests is of major importance. Mere protests or dissatisfaction without overt act is not in disregard of the employer's interests. However, provocative remarks to a superior or vulgar or profane language in response to a civil request is insubordination since it is conducive to disruption of routine, negation of authority and impairment of efficiency. Insubordination is present in … insolent action or language when not provoked by a superior. . . .

> Generally, insubordination amounting to disruption of routine, unjustified disregard of proper authority by disobedience or disorderly protest may be considered to be disqualifying conduct.

In line with the established appellate rule of affirmance of the Commission's finding where supported by substantial evidence, we affirm the findings and order reviewed.